UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS E. MADDEN,

       Plaintiff,

v.

       Case No. 09-14669
       Hon. Gerald E. Rosen
       Magistrate Judge Charles E. Binder

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

**ORDER ADOPTING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on     March 8, 2011

PRESENT: Honorable Gerald E. Rosen
                Chief Judge, United States District Court

On October 27, 2010, Magistrate Judge Charles E. Binder issued a Report and Recommendation ("R & R") recommending that the Court grant the Defendant Commissioner of Social Security's motion for summary judgment and deny Plaintiff Louis E. Madden's motion for summary judgment. On November 10, 2010, Plaintiff filed objections to the R & R. Defendant responded to these objections on November 24, 2010, and Plaintiff, in turn, filed a reply in further support of his objections on December 7, 2010. The Court has now reviewed the R & R, Plaintiff's objections, the parties' underlying motions and other submissions, and the record as a whole. For the reasons set

forth briefly below, the Court overrules Plaintiff's objections, and therefore adopts the Magistrate Judge's R & R as the opinion of this Court.

As his first objection to the R & R, Plaintiff reasserts his contention in his underlying summary judgment motion that the determination of his residual functional capacity ("RFC") by the Administrative Law Judge ("ALJ") did not sufficiently account for his mental limitations. In support of this objection, Plaintiff first notes that the Magistrate Judge erred in finding that the "2007 GAF scores of 42 and 49 . . . do not appear in the record medical evidence." (R & R at 21.) As Plaintiff correctly observes, these GAF scores are, in fact, included in the administrative record, (*see* Admin. Record at 412-18, 436-40) — and, indeed, the ALJ expressly addressed them in her decision, noting that these scores were "in the range that indicate serious mental impairment," (*id.* at 14). Despite this recognition, the ALJ declined to "give significant weight" to these scores, and instead concluded that Plaintiff had no "marked limitations" in his mental functioning. (*Id.*) Plaintiff argues that the ALJ failed to identify adequate grounds for this conclusion.

The Court finds no basis to disturb the ALJ's determination on this point. First, beyond the raw GAF scores cited by Plaintiff, the accompanying reports largely fail to identify any marked or severe limitations in any aspect of Plaintiff's mental functioning. (*See id.* at 413-17, 436, 438.) As Defendant points out, the GAF scores themselves need not be given significant weight in an ALJ's assessment of a claimant's RFC. *See Kornecky v. Commissioner of Social Security,* No. 04-2171, 167 F. App'x 496, 511 (6th

Cir. Feb. 9, 2006). In addition, the ALJ pointed to, and properly relied on, other evidence in the record as grounds for declining to give significant weight to the GAF scores at issue, including (i) treatment notes that did not evidence the serious impairments reflected by GAF scores of 42 and 49, and (ii) the absence of more frequent or aggressive treatment for Plaintiff's mental conditions in the time frame of these GAF scores. (*See* Admin. Record at 14.)[1]

Yet, even assuming the ALJ properly accounted for these GAF scores in determining the extent of Plaintiff's mental limitations, Plaintiff argues that the ALJ failed to properly incorporate these limitations into his hypothetical questioning of the vocational expert. In particular, the ALJ referred to a hypothetical claimant with a "fair ability" to function in a variety of areas, (*see id.* at 37), but Plaintiff contends that the vocational expert instead should have been asked about a hypothetical claimant with "moderate difficulties" in these areas. As the Magistrate Judge observed, however, the case law has viewed these alternate characterizations of mental limitations as essentially interchangeable, (*see* R & R at 21-22), and Plaintiff has not identified any case law or other authority to the contrary. Moreover, to the extent that Plaintiff views the vocational expert's testimony in response to his counsel's questioning as supporting his view that a "fair ability" cannot be equated with "moderate difficulties," the Court notes that

---

[1]While Plaintiff faults the ALJ for failing to acknowledge his 2005 hospitalizations, the ALJ expressly explained in the very next paragraph of her decision that "these hospitalizations occurred prior to the claimant's July 6, 2006 alleged onset date of disability and so are not given great weight." (*Id.* at 15.)

Plaintiff's counsel did not merely reformulate the ALJ's questioning by substituting "moderate difficulties" for "fair ability," but also asked the vocational expert to "assum[e] that moderate would mean that he would be about 20 percent of the time off task." (Admin. Record at 38.) Plainly, it was this definition of "moderate difficulties," rather than any inherent difference between "moderate difficulties" and "fair ability," that led the vocational expert to conclude that the hypothetical claimant posited by Plaintiff's counsel would be unable to perform any of Plaintiff's past work.

Next, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ identified sufficient reasons for giving less than controlling weight to the opinion of Plaintiff's treating physicians. Yet, this objection rests upon the false premise that the ALJ "dismissed the opinion of treating doctor Patel outright" and "improperly rejected all of the treating and examining opinions of record." (Plaintiff's Objections at 5.) In fact, and as the Magistrate Judge explained, the ALJ merely "discounted . . . portions" of the opinions of Plaintiff's treating physicians in which these doctors imposed certain specific limitations on the types of work-related tasks Plaintiff could perform. (*See* R & R at 17-19.) The Magistrate Judge addressed each such specific limitation — *e.g.,* Dr. Patel's statement in April of 2008 that Plaintiff would need a 20-minute rest period each hour, (*see* Admin. Record at 288), or Dr. Patel's indication in a form completed in 2006 that Plaintiff could sit, stand, or walk for "0" hours in an 8-hour work day, (*see id.* at 293) — and found that the ALJ had properly discounted these particular aspects of the treating physicians' opinions as lacking support in the underlying medical record, inconsistent

with other substantial evidence in the record, or, in some instances, internally inconsistent with other portions of the physicians' own reports. (*See* R & R at 17-19.) The Court finds no infirmity in this analysis.

Finally, Plaintiff challenges the ALJ's assessment of his credibility. Again, this objection rests in part on the false premise that the ALJ improperly "equate[d]" Plaintiff's ability to do daily activities with his "ability to perform full-time work." (Plaintiff's Objections at 11.) In fact, the ALJ merely observed that Plaintiff's "activities of daily living indicate that he can function at a higher degree than he alleges, which undermines his credibility." (Admin. Record at 15.) This is a wholly appropriate basis upon which to discount a claimant's credibility and afford less weight to his testimony regarding his limitations — as Defendant notes, Plaintiff has not cited any authority for the proposition that a claimant's daily activities "must be performed at a 'competitive pace' to reflect negatively on his credibility." (Defendant's 11/24/2010 Response at 8.) More generally, the ALJ identified a number of appropriate grounds for discounting Plaintiff's credibility, including (i) his own reports of his daily activities, (ii) lack of support in the medical record for his complaints of pain and medication side effects,[2] and (iii) inconsistency between the evidence of Plaintiff's medically determinable impairments and his "statements concerning the intensity, persistence and limiting effects of [his] symptoms."

---

[2] While Plaintiff asserts in his objections that the ALJ "failed to consider Plaintiff's medication side-effects," (Plaintiff's Objections at 13), the ALJ expressly addressed this matter in her decision, stating that there was "no indication that the claimant has regularly complained of [such side effects] to his treating physicians or tested many different medications" in an effort to alleviate these side effects, (Admin. Record at 15).

5

(Admin. Record at 15.)  The Court finds that these reasons given by the ALJ are legally permissible grounds for discounting Plaintiff's credibility, and that these grounds are supported by substantial evidence in the administrative record.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's October 27, 2010 Report and Recommendation, as supplemented by the above rulings, is ADOPTED as the opinion of this Court.  IT IS FURTHER ORDERED that, for the reasons stated in the R & R and set forth above, Defendant's motion for summary judgment (docket #18) is GRANTED, and Plaintiff's motion for summary judgment or remand (docket #13) is DENIED.

                                      s/Gerald E. Rosen
                                      Chief Judge, United States District Court

Dated:  March 8, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 8, 2011, by electronic and/or ordinary mail.

                                      s/Ruth A. Gunther
                                      Case Manager